**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOE PERSAUD and RAJKUMARIE PERSAUD, on behalf of Joe Persaud, Jr., a minor child,**

        **Plaintiffs,**

**-vs-**                                              **Case No. 6:06-cv-1101-Orl-31KRS**

**ORANGE COUNTY SCHOOL BOARD, KEVIN BEARY, JOHN GLASCOCK,**

        **Defendants.**

## ORDER

This matter comes before the Court on Motions for Summary Judgment filed by Defendants Sheriff Kevin Beary (Doc. 47) and Deputy John Glascock (Doc. 48), and Plaintiffs' Response thereto (Doc. 57)[1].

**I. Background**

Plaintiffs bring this action on behalf of their son, Joe Persaud, Jr. ("Persaud"). The relevant facts are as follows:

Persaud was a minor and a student at Olympia High School ("Olympia") in Orange County, FL at all times relevant to this action. (Doc. 2 at 2). On October 24, 2003 Persaud was

---

[1] Plaintiffs' Response was filed in an incorrect format, in violation of Local Rules 1.05(a) and (b), however, the Court believes it would be a waste of time and judicial resources to strike the document and require counsel to re-file it. Therefore, the Court has considered the substantive arguments of Plaintiffs' Response as they are presented. Still, counsel should be mindful of this Court's Local Rules in the future, as failure to comply may result in sanctions.

allegedly involved in an altercation which occurred off school grounds. (Doc. 2 at 2). On October 27, 2003, Orange County Sheriff's Deputy John Glascock ("Glascock") and Mr. Rego, a school official at Olympia, interrogated Persaud about the altercation. (Doc. 2 at 3). Glascock returned to Olympia to continue to interrogate Persaud on two more occasions. (Doc. 2 at 11). Glascock did not give Persaud a *Miranda* warning and would not let him contact his parents, despite his requests to do so. (Doc. 2 at 3, 11). During the interrogations Persaud was threatened with being handcuffed and arrested. (Doc. 2 at 11).  On November 4, 2003 Persaud was suspended for ten days and recommended for expulsion. (Doc. 2 at 3).

## II. Standard of Review

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who

fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id*. at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

"Courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party . . . [e]ven though the facts accepted at the summary judgment stage of the proceedings may not be the actual facts of the case." *Davis v. Williams,* 451 F.3d 759, 763 (11th Cir. 2006) (internal citations and quotations omitted). The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Herzog v. Castle Rock Entertainment,* 193 F.3d 1241, 1246 (11th Cir. 1999).

**III. Legal Analysis**

*A) 42 U.S.C. § 1983*

To maintain a claim under 42 U.S.C. § 1983 ("§ 1983"), Plaintiffs must establish the violation of a constitutional right by Defendants. In Count V, Plaintiffs assert claims under § 1983 against Sheriff Kevin Beary ("Beary") and Glascock for violations of the Fifth and Fourteenth Amendments to the U.S. Constitution. (Doc. 2 at 11-12).

First, Plaintiffs allege that Defendant Glascock violated Persaud's Fifth and Fourteenth Amendment rights by failing to read him a *Miranda* warning before interrogating him. However, the U.S. Supreme Court has held that failure to give *Miranda* warnings does not violate the Fifth

Amendment. *Chavez v. Martinez,* 538 U.S. 760, 766-67 (2003).  Instead, a cause of action would only arise if the illegally obtained statement were used against the individual at a criminal trial. *Id.* In this case, there is no allegation that Persaud was ever the subject of a criminal trial.  The Court in *Chavez* also held that failure to give a *Miranda* warning did not violate the Fourteenth Amendment. *Id.* at 774.

Next, Plaintiffs allege that Glascock violated the constitution by interrogating Persaud without informing his parents or allowing them to be present. However, failure to notify a minor's parents of an interrogation is not a constitutional violation either. *Wofford v. Evans,* 390 F.3d 318 (4th Cir. 2004).

Plaintiffs' Response reads like a motion to suppress an illegally obtained statement in a criminal proceeding, rather than a response to Defendants' motions.  Plaintiffs have offered no legal or factual arguments to support an action under § 1983.  Therefore, summary judgment will be granted as to Count V.

*B) State Law Claims*

Counts I through IV of Plaintiffs' complaint allege causes of action for various violations of Florida State Law.  However, this Court declines to exercise supplemental jurisdiction over these claims, now that the federal claim has been disposed of. Therefore, these Counts will be remanded to state court for further proceedings.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendants' Motions for Summary Judgment (Docs. 47 and 48) are **GRANTED** in part and **DENIED** in part. The Clerk is directed to enter judgment in favor of Defendants Beary and Glascock as to Count V and close the file. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. All pending motions are **DENIED** as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 4, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party